**UNITED STATES DISTRICT COURT**                                    JS-6
**CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES -- GENERAL**

Case No.   **CV 25-7476-JFW**                                   Date:  April 15, 2026

Title:        In Re Marine Wholesale & Warehouse Co.
              Marine Wholesale and Warehouse Co. -v- United States of America

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                             **None Present**
**Courtroom Deputy**                           **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                          None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER AFFIRMING BANKRUPTCY COURT'S JULY 29, 2025 ORDER CORRECTING ERROR IN COURT'S JULY 28, 2025 ORDER [DOCKET NO. 386] AND ALLOWING CLAIM NO. 5-1 FILED BY THE UNITED STATES OF AMERICA AND ITS AGENCY THE ALCOHOL AND TOBACCO TAX AND TRADE BUREAU IN ITS ENTIRETY (PHASE V)**

On August 12, 2025, Appellant Marine Wholesale and Warehouse Co. ("Marine Wholesale") filed an appeal from the United States Bankruptcy Court's July 29, 2025 Order Correcting Error in Court's July 28, 2025 Order [Docket No. 386] and Allowing Claim No. 5-1 Filed by the United States of America and its Agency the Alcohol and Tobacco Tax and Trade Bureau in its Entirety (Phase V).

On December 30, 2025, Marine Wholesale filed its Opening Brief.  On March 9, 2026, Appellee United States of America ("United States") filed its Brief.  On March 23, 2026, Marine Wholesale filed a Reply Brief.  On March 31, 2026, Marine Wholesale filed a Motion for Leave to File Corrected Opening Brief, which the Court granted on April 10, 2026.  The Court found this matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's April 13, 2026 hearing calendar and the parties were given advance notice.  After considering Marine Wholesale's Opening Brief (as amended),  the United States' Brief, and Marine Wholesale's Reply Brief, and the arguments therein, the Court rules as follows:

**I.      LEGAL STANDARD**

The standard of review of bankruptcy court decisions by district courts is well-established, and uncontested by the parties. When reviewing decisions of a bankruptcy court, district courts

Initials of Deputy Clerk __sr_

apply the same standards of review as those used by courts of appeals when reviewing district court decisions.  *In re Baroff*, 105 F.3d 439, 441 (9th Cir.1997); *see also In re Fields*, 2010 WL 3341813, *2 (E.D. Cal. 2010) ("A district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions.") (citation omitted).

On appeal, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Federal Rules of Bankruptcy Procedure 8013.  Generally, a district court reviews the bankruptcy court's legal conclusions de novo, and its factual findings for clear error.  *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012).  Under de novo review, the district court  "consider[s] a matter anew, as if no decision had been made previously."  *Francis v. Wallace* (*In re Francis*), 505 B.R. 914, 917 (9th Cir. 2014). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record.  *Retz v. Samson* (*In re Retz*), 606 F.3d 1189, 1196 (9th Cir. 2010).  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

## II.  DISCUSSION

The material facts underlying the Bankruptcy Court's Order allowing Claim No. 5-1 filed by the United States and its agency The Alcohol and Tobacco Tax and Trade Bureau (the "TTB") are not disputed.  Accordingly, after conducting a de novo review of the Bankruptcy Court's legal conclusions, the Court concludes that the Bankruptcy Court did not err in allowing Claim No. 5-1 filed by the United States and the TTB.  Like the Bankruptcy Court, the Court concludes that:

(1) Marine Wholesale's export warehouse proprietor permit terminated by operation of law on January 15, 2013, thirty days after the transfer and sale of 15% of its stock to Jerry Anderson without reporting it to the TTB. *See* 27 C.F.R. § 44.107

(2) Although Marine Wholesale no longer held a valid export warehouse proprietor permit, Marine Wholesale acquired "transferee" liability for the tobacco products delivered to its warehouse during the Claim Period (January 15, 2013 to November 30, 2015).  *See* 26 U.S.C. § 5703(a)(2) ("When tobacco products . . . are transferred between the bonded premises of manufacturers and export warehouse proprietors, the transferee shall become liable for the tax upon receipt by him of such articles . . . ."). In contrast to the language in 26 U.S.C. § 5704(b), which requires compliance with the applicable regulations to be eligible for the exemption from tax liability, compliance with applicable regulations is not a condition precedent to Marine Wholesale's acquisition of "transferee" liability.

(3) Marine Wholesale is not eligible for relief from "transferee" liability under 26 U.S.C. § 5704(b) because it did not comply with the applicable regulations.  *See* 26 U.S.C. § 5704(b) (An export warehouse proprietor may remove tobacco products, without payment of tax, for shipment to a foreign country "*in accordance with such regulations and under such bonds as the Secretary shall prescribe.*") (emphasis added). Marine Warehouse did not comply with applicable regulations because, for example, it continued to operate as an export warehouse proprietor of tobacco

Initials of Deputy Clerk  _sr_

products after the automatic termination of its permit on January 15, 2013 in violation of 27 C.F.R. § 44.107.  *See* 27 C.F.R. § 44.107 (requiring proprietor to dispose of all tobacco products on hand, prepare a closing inventory and closing report, and surrender his permit with such inventory and report, after the automatic termination of a permit occurs). Thus, because it failed to comply with applicable regulations, the Court concludes that Marine Wholesale is not eligible for the exemption from tax liability under 26 U.S.C. § 5704(b).

(4)     The Court concludes that, even assuming all of the tobacco products stored in Marine Wholesale's warehouse were exported, TTB's Claim 5-1 is not barred by the Export Clause of the U.S. Constitution. Indeed, the excise tax on tobacco products is imposed on the manufacture, and not the exportation of such products. *See Liggett & Myers Tobacco Co. v. United States*, 299 U.S. 383, 386 (1937) (finding that the tax is imposed upon the manufacture of the tobacco and deferred payment of the tax does not change the nature of the tax); *R.J. Reynolds Tobacco Co. v. Robertson*, 94 F.2d 167, 169 (4th Cir. 1938) ("The tax was none the less a tax upon manufacture" even though it "was not payable by the manufacturer or collectable by the United States until the sale or removal of the goods."); *Cornell v. Coyne*, 192 U.S. 418, 429 (1904) ("[I]t is clear that there is no constitutional objection to the imposition of the same manufacturing tax on filled cheese manufactured for export and, in fact, exported, as upon other filled cheese.").

(5)     The Court concludes that 27 C.F.R. § 44.66[1] does not relieve Marine Wholesale from its tax liability, even if Marine Wholesale provides satisfactory evidence that all tobacco products were exported. The regulation cannot confer a tax exemption that the applicable statute, 26 U.S.C. § 5704(b), does not itself confer. And, in any event, read in context with the other applicable regulations, it is evident that section 44.66 does not provide relief from liability. For example, section 44.61 specifies that tobacco products may be removed without payment of tax for exportation only "in accordance with the provisions of [part 44]." 27 C.F.R. § 44.61(a). Because Marine Wholesale did not comply with the applicable regulations in part 44, it is not relieved of the liability for the tax on tobacco products.

## III.     CONCLUSION

For the foregoing reasons, the Court concludes that the Bankruptcy Court did not err in allowing Claim No. 5-1 filed by the United States and its agency TTB. The Court affirms the Bankruptcy Court's decisions.

AFFIRMED.

---

[1] 27 C.F.R. § 44.66 provides in relevant part: "A manufacturer of tobacco products or cigarette papers and tubes or an export warehouse proprietor is relieved of the liability for tax on tobacco products, or cigarette papers or tubes upon providing evidence satisfactory to the appropriate TTB officer of exportation or proper delivery."

Initials of Deputy Clerk  _sr_